Albert H. Buschmann, J.
This is a motion by defendant to vacate an order of attachment, and in the alternative, for dismissal of the complaint on the basis of forum non conveniens. The motion was heard in Special Term, Part 1 of this court on January 6,1975.
The action is for personal injuries and property damage arising out of a collision between two vehicles occurring February 13,1972 in the Town of Nutley, New Jersey. The parties reside in New Jersey, with the exception of plaintiff Vath, who although possessing a New Jersey operator’s license, claims residence in the County of Queens, State of New York. The action was instituted in New York by attachment of defendant’s insurance policy issued by Agricultural Insurance Company, Watertown, N. Y. The order of attachment dated October 31, 1974 was executed on or about December 3, 1974.
Defendant argues the order of attachment must fall, and concomitantly the quasi in rem jurisdiction obtained pursuant thereto, principally on the ground that CPLR 6201 (subd. 1) is unconstitutional in failing to provide defendant an immediate postseizure hearing at which plaintiff must prove the grounds upon which the order issued. (Sugar v. Curtis Circulation Co., 383 F. Supp. 643.)
In Sugar (supra), the United States District Court, Southern District of New York, «truck down CPLR 6201 (subds. 4, 5 and 8) as unconstitutionally violative of due process under the Fourteenth Amendment, to the extent that a New York defendant has no meaningful opportunity to vacate an order of attachment granted ex parte and without prior notice. The court premised its conclusions on the rationale articulated in Sniadach v. Family Finance Corp. (395 U. S. 337); Fuentes v. Shevin (407 U. S. 67) and Mitchell v. Grant Co. (416 U. S. 600). These three cases dealt with statutory provisions having basic similarity to the New York statute. In its analysis, the court relied on the Sniadach and Fuentes decisions as charting an exclusionary domain in which statutory provisions enabling ex parte attachment or seizure may not reside without being declared unconstitutional. In counterpoint, the Mitchell case, sustaining an attachment statute, was considered as setting out those minimum safeguards consonant with due process sufficient to “squeeze through the narrow door of constitutionality”. (Sugar v. Curtis, supra, p. 647.)
CPLR 6201 (subd. 1) sufficiently complies with the Mitchell standards in all hut one regard — it fails to provide defendant an immediate postseizure hearing at which plaintiff must *761 prove the grounds on which the order issued. (Of. CPLR 6223.) It is on this same basis that the court in Sugar {supra) found subdivisions 4, 5 and 8 violative of due process. The court, discerning no distinguishing features between subdivision 1, as applied to causes of action having substantive issues of fact as does the instant action, and CPLR 6201 (subds. 4, 5 and 8) as would obviate the necessity of such postseizure hearing, is constrained to find such istatutory provision unconstitutional. This holding extends only to that portion of CPLR 6201 (subd. 1) as pertains to nonresidents or nondomiciliaries and not to foreign corporations where different controlling factors may be involved.
While the foregoing determination effectively disposes of the action in New York, the court will, in an effort to be dispositive of all issues in the event plaintiffs might be successful on appeal, take up the other issues raised.
Defendant submits the order of attachment must be vacated since plaintiff Lincavage is not a resident of New York, and plaintiff Vath holds a New Jersey operator’s license. Although these facts are relevant as to forum, they do not warrant vacating the order of attachment. The court is not persuaded to hold that a nonresident may not avail itself of attachment under CPLR 6201.
Defendant further urges dismissal of the action on the ground of forum non conveniens. Consideration of the relevant facts convinces the court that this State has only tenuous connections with the operative factors involved in this action and that New Jersey is the more appropriate forum. (CPLR 327; Silver v. Great Amer. Ins. Co., 29 N Y 2d 356.) Hence, the complaint is dismissed on condition that within 15 days from the date hereof, the defendant stipulates to accept service in New Jersey and to appear in an action in New Jersey for the same relief demanded in the complaint herein, and that in any such action defendant will waive any defense based on Statute of Limitations. It is emphasized that this dismissal and the conditions pertinent thereto are only effective in the event the court’s decision holding CPLR 6201 (suhd. 1) unconstitutional is reversed.
On the facts and law of this case defendant’s motion is granted to the extent that the order of attachment is vacated and the complaint dismissed.